UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. POOLE, | ) | CASE NO. 1:10CV1521 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner *pro se* Michael Poole, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He asserts that he is entitled to Residential Re-entry Center ("RRC") placement for 12 months or the balance of his sentence if he is less than 12 months from release. He states in his Petition that he is serving a sentence of 151 months for bank robbery in violation of 18 U.S.C. § 2113(a) imposed in the United States District Court for the Southern District of West Virginia. Petitioner asks this Court to order the Bureau of Prisons ("BOP") to consider separately and in good faith whether he should be awarded a 12-month (or the balance of his time) Residential Re-entry Center ("RRC") placement and report to this Court within 30 days of this Order as to the results of its reconsideration of his RRC placement length. He has a projected release date of June 12, 2011.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are

taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Since Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir. 1981). It appears that Petitioner has not availed himself of the administrative procedure. He asserts that he should be allowed to file this action without exhausting the administrative appeal process because exhaustion would be futile. The Director of the BOP, Harley Lappin, allegedly publically stated on July 15, 2008, that he does not support anyone going to RRC for more than six months.

The final decision is made by the General Counsel not the Director of the BOP. There is nothing in the Petition, except speculation, indicating that the General Counsel would rule as the Director of the BOP desires. Because the BOP must consider certain factors in determining RRC placement even if the Court orders it to so, it cannot be ruled that the administrative remedy would be futile. As discussed below, placement of an inmate in RRC is discretionary based on certain criteria, and an inmate must use the administrative procedure. The Court cannot order a specific length of RRC placement.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a

reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result of this statute and the new 12-month maximum placement, the BOP issued guidance directing that "inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates." *Ramirez v. Eichenlaub,* 2008 WL 4791892, at * 3 (E.D. Mich. Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir. 2008)).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final 12 months of his sentence in RRC. While the Second Chance Act allows the BOP to place an inmate in RRC for as much as 12 months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir. 2009). *Harris v. Hickey*, 2010 WL 1959379, at * 3 (E.D. Ky. May 17, 2010). The Act only requires the BOP to consider placing an inmate in RRC for up to a 12-month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh v. Hickey*, 2010 WL 1959308, at * 3 (E.D. Ky. May 17, 2010).

Petitioner cited *Krueger v. Martinez*, 665 F.Supp.2d 477 (M.D. Pa., 2009), wherein the court stated:

> In other words, while staff have absolute discretion to recommend RRC placement for 0-6 months, if they want to recommend a placement of a longer duration they must be able to demonstrate "unusual or extraordinary circumstances justifying" the recommendation. (*See* Doc. 17, Pet'r's Ex. U, Nov. 14, 2008 Mem.) This language effectively chills staff discretion because staff are aware of the institutional preference for a RRC placement of six months or less, a

preference that is contrary to the apparent purpose of the Second Chance Act.

The BOP's memoranda add additional hurdles that find no support in the text of the Second Chance Act. While it may be true that any given prisoner need not be placed in a RRC for longer than six months, it is not universally true that every prisoner will benefit from the same limitations. By depriving the initial decision maker of the ability to recommend placement unfettered by a presumptive six month cap, the BOP significantly reduces the possibility of a truly individualized review that objectively determines the duration required "to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Accordingly, because the duration of Krueger's RRC placement was determined pursuant to these impermissible limitations, the BOP abused its discretion in deciding that Krueger's placement would be for five to six months.

*Id*. at 483.

In a recent case out of the Middle District of Pennsylvania, the court declined to follow *Krueger. See McDonald v. Obama*, 2010 WL 1526443, at * 6 -7 (M.D. Pa. Mar. 15, 2010). That court recognized that the majority of courts hold that the "Bureau of Prisons' requirement of regional director approval, and the agency's stated view that many inmates can have their needs met through 180-day RRC placements, do not violate the Act." *Id*. (citing *Miller*, 527 F.3d at 755-58) (other citations omitted). The court in *McDonald* found that the requirement of approval of the regional director for 12-month RRC placements and various agency statements expressing an institutional view that RRC placements of 6 months or less are generally adequate for most inmates, reflect the BOP's exercise of its discretion in implementing the Act. *Id*.

Whether to place an inmate in RRC is determined on an individual basis using the following criteria:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence;

4

>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 944(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5). The BOP usually considers all relevant factors set forth in the statute. Petitioner does include the Respondent's letter advising him that he be considered for RRC placement from 150 to 180 days. As long as the § 3621 factors were considered, a discretionary decision, the Court has no authority to review the RRC placement. The fact that the analysis may not have been explicit does not render Respondents in violation of the Second Chance Act. *See Keeper v. Lappen*, 2010 WL 1980202, at * 5 (N.D. Ohio May 18, 2010).

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). His Motion for Expedited Hearing is denied. (ECF 3). This action is dismissed. *See* 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 7, 2010

                                                                    _____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**